2010-02627
FILED
October 04, 2010
CLERK, U.S. BANKRUPTCY COURT
EASTERN DISTRICT OF CALIFORNIA
0002976004

MEYERS LAW GROUP, P.C.
MERLE C. MEYERS CA Bar #66849
MICHELE THOMPSON CA Bar #241676
44 Montgomery Street, Suite 1010
San Francisco, CA 94104
Telephone: (415) 362-7500
Facsimile: (415) 362-7515

Counsel for Plaintiff

IN THE UNITED STATES BANKRUPTCY COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SACRAMENTO DIVISION

| | |
|---|---|
| In re:<br><br>FOOD SERVICE MANAGEMENT, INC.<br><br>Debtor. | Case No. 09-40066<br><br>Chapter 11<br><br>[Jointly Administered with Case Nos. 09-40068, 09-40212, 09-40214] |
| MEYERS LAW GROUP, P.C.<br><br>Plaintiff,<br><br>v.<br><br>NADINE YASSA, an individual, BEVERLY N. MCFARLAND, as Trustee of Chapter 11 Estates of Food Service Management, Inc. *et al.*, STEVEN L. VICTOR, as Trustee of Chapter 11 Estates of Kobra Properties, etc., *et al.*, AZITA ALIZADEH, an individual, ABOLGHASSEM "ABE" ALIZADEH, an individual, PACIFIC VALLEY MECHANICAL, Inc., a California corporation, BALDWIN CONTRACTING COMPANY, INC. D/B/A KNIFE RIVER CONSTRUCTION, a California corporation, BANK OF AMERICA, N.A., AND APEX PROPERTY ADVISORS, INC. a California Corporation.<br><br>Defendants. | Adversary No. _____ |

**COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF**

1

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
25657/20052

MEYERS LAW GROUP, P.C., a professional corporation ("Plaintiff"), hereby complains against the following persons (collectively, "Defendants"), based on the allegations set forth below: NADINE YASSA, an individual ("Yassa"); BEVERLY N. MCFARLAND, as trustee of jointly administered chapter 11 estates of Food Service Management, Inc. *et al.* (the "FSM Trustee"); STEVEN L. VICTOR, as trustee of jointly administered chapter 11 estates of Kobra Properties, etc., *et al.* (the "Kobra Trustee"); AZITA ALIZADEH, an individual ("Azita"); ABE ALIZADEH, an individual ("Abe"); PACIFIC VALLEY MECHANICAL, INC., a California corporation ("Pacific"), BALDWIN CONTRACTING COMPANY, INC., d/b/a Knife River Construction, a California corporation ("Baldwin"); BANK OF AMERICA, N.A. ("Bank of America"), and APEX PROPERTY ADVISORS, INC., a California corporation ("Apex").

## I. INTRODUCTION

1. This is an action for interpleader pursuant to the provisions of 28 U.S.C. § 1335, Rule 22(1) of the Federal Rules of Civil Procedure and Rules 7019 and 7022 of the Federal Rules of Bankruptcy Procedure. Plaintiff seeks an order requiring Defendants to interplead and litigate their respective claims to the Alizadeh Retainer, as defined below, and releasing and discharging Plaintiff from further obligations with respect thereto. In addition, Plaintiff seeks to have its costs and attorneys' fees incurred herein paid by disbursement to Plaintiff from the Alizadeh Retainer, and to deposit the balance of such retainer with the Court.

## II. JURISDICTION AND VENUE

2. The Court has jurisdiction over this matter pursuant to the provisions of 28 U.S.C. §§ 1334(b) and 1335.

3. Venue is proper in this district pursuant to the provisions of 28 U.S.C. § 1409(a).

4. This is a core proceeding pursuant to the provisions of 28 U.S.C. §§ 157(b)(2)(A), (E) and (O).

## III. PARTIES

5. Plaintiff is a professional corporation organized under the laws of the state of California with its principal place of business in San Francisco, California.

6. Plaintiff is informed and believes, and thereupon alleges, that Yassa is an individual

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
25657/20052

residing within the Eastern District of California.

7. The FSM Trustee is the trustee of the chapter 11 estates of Food Service Management, Inc., Sierra Valley Restaurants, Inc., Central Valley Foods Services, Inc., and Kobra Associates, Inc. (collectively, the "FSM Debtors"), which estates are pending before the United States Bankruptcy Court for the Eastern District of California, Sacramento Division (the "Bankruptcy Court"), in case nos. 09-40066, 09-40068, 09-40212 and 09-40214 (administratively consolidated) (collectively, the "FSM Chapter 11 Cases").

8. The Kobra Trustee is the trustee of the chapter 11 estates of Kobra Properties, a California general partnership, Kobra Preserve LLC, Vernon Street Associates, LLC, Rocky Ridge Center, LLC (collectively, the "Kobra Debtors"), which estates are pending before the Bankruptcy Court, cases no. 08-37271, 08-37272, 08-37273, 08-38105 (administratively consolidated) (collectively, the "Kobra Chapter 11 Cases").

9. Plaintiff is informed and believes, and thereupon alleges, that Azita is an individual residing within the Eastern District of California.

10. Plaintiff is informed and believes, and thereupon alleges, that Abe is an individual residing within the Eastern District of California.

11. Pacific is a corporation organized under the laws of the State of California.

12. Baldwin is a corporation organized under the laws of the State of California.

13. Bank of America is a bank nationally chartered by the Office of the Comptroller of the Currency, an agency in the United States Treasury Department, pursuant to the National Bank Act, title 12 of the United States Code.

14. Apex is a corporation organized under the laws of the state of California.

### IV. FACTUAL ALLEGATIONS

**A. Plaintiff's Engagement and Retainers**

15. On September 18, 2009 (the "FSM Petition Date"), the FSM Debtors commenced the FSM Chapter 11 Cases by filing voluntary petitions for relief under chapter 11 of the United States Bankruptcy Code (the "FSM Petitions") in the Bankruptcy Court. The FSM Petitions were filed on behalf of the FSM Debtors by initial counsel other than Plaintiff.

16. On September 20, 2009, the FSM Debtors and Plaintiff entered into an engagement agreement (the "Engagement Agreement"), pursuant to which Plaintiff agreed to represent the FSM Debtors as their bankruptcy counsel in the FSM Chapter 11 Cases, under certain terms and conditions set forth in such agreement. A true and correct copy of the Engagement Agreement, partially redacted, is attached hereto and incorporated herein as **Exhibit "A."**

17. On September 21, 2009, based on the execution of the Engagement Agreement, the FSM Debtors filed with the Bankruptcy Court notices of substitution of counsel identifying Plaintiff as their prospective bankruptcy counsel.

18. On the FSM Petition Date, prior to the filing of the FSM Petitions and in anticipation of the execution of the Engagement Agreement, the FSM Debtors transferred to Plaintiff the sum of $10,000.00 as a partial retainer for services to be rendered by Plaintiff as counsel for the FSM Debtors (the "FSM Retainer").

19. In addition, on September 21, 2009, immediately after the filing of the FSM Petitions, Abe as one of the principals of the FSM Debtors, transferred to Plaintiff the sum of $225,000.00 as a partial retainer for services to be rendered by Plaintiff as counsel for the FSM Debtors (the "Alizadeh Retainer").

20. On September 22, 2009, the Bankruptcy Court entered a civil minute order directing the appointment of a trustee of the chapter 11 estates of the FSM Debtors. Thereafter, Beverly N. McFarland was appointed as the FSM Trustee.

21. Upon her appointment, the FSM Trustee asked Plaintiff to act as her special counsel in order to provide legal services related to particular projects commenced prior to the FSM Trustee's appointment, including the preparation of schedules of assets and liabilities, continuation of the prosecution of cash collateral motions, preparation for Section 341(a) meetings of creditors, and the like. Such engagement as special counsel was agreed to be effective as of the FSM Petition Date.

22. On November 10, 2009, the Bankruptcy Court approved the engagement of Plaintiff as special counsel for the FSM Trustee upon the terms agreed upon by Plaintiff and the FSM Trustee. Plaintiff provided legal services to the FSM Trustee in accordance therewith.

23. On March 24, 2010, Plaintiff filed its *First Interim Application of Meyers Law Group,*

*P.C. For Compensation and Reimbursement of Expenses as Special Bankruptcy Counsel For Chapter 11 Trustee (September 18, 2009 Through February 28, 2010)* (the "Interim Application") (Docket no. 765),[1] seeking interim approval of fees and expenses earned as special counsel for the FSM Trustee.

24. On April 14, 2010, after notice and hearing, the Court entered its order approving an interim award to Plaintiff in the amount of $205,000 (the "Interim Award") (Docket No. 816).

25. Plaintiff is informed and believes, and thereupon alleges, that a dispute developed between the FSM Trustee and Abe as to the character and ownership of the Alizadeh Retainer, including whether the Alizadeh Retainer is property of the bankruptcy estates of the FSM Debtors, and whether the Interim Award shall be paid from the Alizadeh Retainer or from other funds of such estates.

26. In recognition of that dispute, the FSM Trustee, Plaintiff and Abe, each through counsel, agreed, and the Court ordered, that the Alizadeh Retainer be held by Plaintiff without application to amounts owed to Plaintiff, pending further order of the Court, and that the Interim Award be paid from other available funds of the estates of the FSM Debtors (Docket No. 147).

27. As a result, the Alizadeh Retainer remains unused in Plaintiff's retainer account, in the amount of $225,000.00.

B. **The Yassa Motion And Responses**

28. On July 26, 2010, Yassa filed in the FSM Chapter 11 Cases a *Motion/Application to Modify Court's November 10, 2009 and April 26, 2010 Orders to Allow Distribution of $225,000.00 Currently Held in Meyers Law Group Trust Account* (the "Yassa Motion") (Docket no. 1079), wherein Yassa requested that the Bankruptcy Court enter an order releasing the Alizadeh Retainer to her.

29. On July 30, 2010, Plaintiff filed the *Meyers Law Group's Response And Countermotion Regarding Dr. Nadine H. Yassa's Motion To Modify Court's November 10, 2009 and April 26, 2010 Orders* ("Plaintiff's Countermotion") (Docket no. 1090), wherein Plaintiff requested immediate payment of the Interim Award from funds of the FSM Debtors' estates other than the Alizadeh Retainer.

---

[1] All "Docket no.___" references refer to the Bankruptcy Court's docket in case no. 09-40066, unless otherwise indicated.

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
25657/20052

30. In the Yassa Motion, Yassa argued that the Alizadeh Retainer was derived from a personal loan she made to Abe on September 21, 2009, that Yassa is entitled to return of the Alizadeh Retainer, and that Plaintiff should be ordered to pay the Alizadeh Retainer over to Yassa.

31. On August 10, 2010, the FSM Trustee filed an objection to the Yassa Motion (the "FSM Trustee Objection") (Docket no. 1105), wherein the FSM Trustee argued that the Alizadeh Retainer is property of the FSM Debtors' estates, and that Plaintiff should be ordered to pay the Alizadeh Retainer over to the FSM Trustee.

32. On August 12, 2010, the Kobra Trustee filed an objection to the Yassa Motion (the "Kobra Trustee Objection") (Docket no. 1124), wherein the Kobra Trustee argued that the Alizadeh Retainer was subject to a writ of attachment issued by the Bankruptcy Court in favor of the Kobra Debtors' estates, that the Kobra Trustee thereby held a priority interest in the Alizadeh Retainer, and that Plaintiff should be ordered to pay the Alizadeh Retainer over to the Kobra Trustee.

33. On August 23, 2010, Azita filed a response to the Yassa Motion (the "Azita Response") (Docket no. 1146), wherein Azita argued that she was the assignee of a judgment against Abe, that such judgment encumbered Abe's rights and interest in the Alizadeh Retainer, and that Plaintiff should be ordered to pay the Alizadeh Retainer over to Azita.

34. On August 26, 2010, the Bankruptcy Court heard arguments regarding the Yassa Motion and Plaintiff's Countermotion, at the conclusion of which the Bankruptcy Court denied the Yassa Motion and the Plaintiff's Countermotion without prejudice.

C. **Other Possible Claims to the Alizadeh Retainer**

35. Abe, as a principal of the FSM Debtors, provided the funds to Plaintiff for the Alizadeh Retainer. As such, Abe might have competing rights or other interests in the Alizadeh Retainer.

36. In addition to the parties identified above as having filed objections or responses to the Yassa Motion, the following judgment creditors have filed notices of judgment liens with the Office of the California Secretary of State, which notices may establish competing rights to, or interests in, the Alizadeh Retainer, whether pursuant to Section 697.530 of the California Code of Civil Procedure or otherwise: Pacific, Baldwin, Bank of America and Apex.

6

COMPLAINT FOR INTERPLEADER AND DECLARATORY RELIEF
25657/20052

### D. Resulting Disputes

37. As a result of the foregoing, there are multiple claims by Defendants to the Alizadeh Retainer, and there are competing demands from Defendants upon Plaintiff for turnover of said retainer. Plaintiff may be exposed to double or multiple liabilities if it accedes to any of such competing demands.

38. Plaintiff asserts no ownership or lien interest in the Alizadeh Retainer, other than to the extent necessary to reimburse Plaintiff for its reasonable fees and costs arising from this adversary proceeding.

### CLAIM FOR RELIEF

39. Plaintiff hereby incorporates and realleges, as if set forth in full in this Claim For Relief, each of the statements and allegations contained in paragraphs nos. 1 through 36, inclusive, of this Complaint.

40. There is a genuine and justiciable controversy as to entitlement, ownership and lien rights regarding the Alizadeh Retainer.

41. Declaratory relief determining competing interests and liens asserted against the Alizadeh Retainer is necessary.

42. Plaintiff is entitled to retain from the Alizadeh Retainer funds sufficient to pay its reasonable attorneys' fees and costs arising from the prosecution of this adversary proceeding, to deposit the balance of the Alizadeh Retainer in the registry of the Bankruptcy Court, and to be released from any and all further responsibility or liability with respect to the Alizadeh Retainer.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully prays as follows:

A. That the Bankruptcy Court permit Plaintiff to deposit the Alizadeh Retainer, net of Plaintiff's reasonable attorneys' fees and costs arising in this adversary proceeding, in the registry of the Bankruptcy Court;

B. That Plaintiff be awarded its reasonable attorneys' fees and costs arising in this adversary proceeding, to be paid from the Alizadeh Retainer;

C. That upon such deposit of the Alizadeh Retainer, Plaintiff be wholly absolved of all

liability of any nature to any person, including without limitation each of Defendants, with respect to the Alizadeh Retainer;

D. That the Bankruptcy Court determine the respective ownership interests and lien rights of Defendants with regard to the Alizadeh Retainer, and subsequently release such amounts thereof as appropriate to their rightful owners;

E. That, pursuant to 28 U.S.C. §2361, each of Defendants and their agents, attorneys or assignees, be enjoined from instituting, maintaining or prosecuting any suit at law or in equity, or action of any kind whatsoever, as against Plaintiff with respect to the Alizadeh Retainer; and

F. That the Bankruptcy Court enter such other relief as it deems reasonable and just under the circumstances.

DATED: October 4, 2010            MEYERS LAW GROUP, P.C.


By:    /s/ Merle C. Meyers
       Merle C. Meyers, Esq.
       Counsel for Plaintiff